UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES<br>2100 L STREET NW<br>WASHINGTON, D.C. 20037,<br><br>                                   PLAINTIFF,<br>           V.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br>AGRICULTURAL MARKETING SERVICE<br>1400 INDEPENDENCE AVE. SW<br>WASHINGTON, D.C. 20250,<br><br>                                   DEFENDANT. | Case No. 1:12-cv-1405<br><br>**Complaint (FOIA)** |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to obtain access to records in the possession of the United States Department of Agriculture ("USDA") (collectively "Defendants") pertaining to its Process Verified Program ("PVP"). PVP is a voluntary agricultural producer certification program, by which the USDA certifies that a producer is following any self-determined standards that producer wishes to establish for itself. This action challenges the USDA and its agents' unlawful application of FOIA Exemption 4 to information regarding the "Humanely Raised" PVP standard of Perdue Farms, Inc., and its subsidiary, Harvestland (collectively "Perdue"), a standard which pertains to the handling of chickens bred, maintained or slaughtered by Perdue.

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff The Humane Society of the United States ("HSUS") is a non-profit animal protection organization, headquartered in Washington, D.C., with over 11 million members and constituents nationwide. Since its establishment in 1954, The HSUS has worked to combat animal abuse and exploitation and promote animal welfare. The HSUS is the requestor of the public records at issue in this action.

4. The HSUS actively advocates against the systematic inhumane treatment of animals raised for food. The HSUS also closely monitors USDA activity in relation to farm animal welfare. The HSUS provides its members and the public with information on a wide spectrum of animal issues, including cruel practices employed in the maintaining and slaughtering of billions of chickens. It is essential that The HSUS is able to access public records available through FOIA requests to government agencies.

5. Defendant USDA is an agency of the United States government, and is responsible for the implementation of the Process Verified Program. Defendant USDA has possession and control of the records the HSUS requested.

## STATUTORY FRAMEWORK

*The Freedom of Information Act*

6. The FOIA requires agencies of the federal government, upon request, to release information to the public, unless the agency demonstrates that one of nine specific statutory exemptions applies. 5 U.S.C. § 552(a), (b).

7. Exemption 4 of the FOIA allows an agency to withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

8. Upon receiving a FOIA request, an agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i). A requestor may file an administrative appeal of an agency's failure to disclose requested records. *Id.* at § 552(a)(6)(A)(ii). An agency must make a determination on any such appeal within twenty (20) working days. *Id.* However, a requestor is deemed to have exhausted its administrative remedies, and may seek immediate judicial review of the matter, if the agency fails to comply with either of these time limits. *Id.* at § 552(a)(6)(C).

*The Process Verified Program*

9. The Process Verified Program is administered by the Agricultural Marketing Service, an agency within USDA tasked in part with maintaining and increasing demand for U.S. agricultural products.

10. Defendant describes the program as providing "companies that supply agricultural products or services the opportunity to assure customers of their ability to provide consistent quality products or services" through specified process verified points identified by such companies. Companies with approved USDA Process verified programs are entitled to market themselves as "USDA Process Verified" and make marketing claims associated with their process verified points, including claims about "age, source, feeding practices, or other raising and processing claims." Rather than being an objective evaluation of animal welfare, the PVP program is a marketing tool whereby an office in USDA "verifies" that a company is following whatever set of standards a company chooses to establish for itself.

<u>FACTS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION</u>

11. On December 6, 2011 Plaintiff submitted a FOIA request to USDA seeking the following information:

> any and all records that relate to Perdue Farms, Inc.'s "Humanely Raised" Process Verified Program ("PVP") claim. This request includes, but is not limited to, program documents, procedures, and audit reports relating to Perdue Farms, Inc.'s "Humanely Raised" PVP claim for both its Perdue and Harvestland brands for PVP Certificate Nos. PVP8075RH, PVP1171ER, PVP0102JJB, PVP0109JJB, PVP0111JJB, PVP0l12JJB, PVPOllOJJB, PVP0256JGS, PVP1116JLH, and PVP1137JWJ.

12. On April 2, 2012 AMS sent a final response to this request, which it identified as FOIA No. 2012-AMS-00874-F  ("FOIA Request") and in its

cover letter stated that it had enclosed 196 pages, 127 of which contained redactions that were

> []made pursuant to 5 U.S.C. § 552(b)(4), 16 pages are being released with redactions made pursuant to 5 U.S.C. § 552(b)(6), and 60 pages are being released with redactions made pursuant to 5 U.S.C. § 552(b)(4) and (b)(6). One additional page is being withheld from release pursuant to 5 U.S.C. § 552(b)(4). The information withheld under 5 U.S.C. §552(b)(4) consists of specific procedural parameters, commercial information, or trade secret data. The disclosure of this type of information could cause substantial harm to the competitive position of the firm involved or could adversely affect the ability of the Government to collect this type of information in the future.

13. On May 17, 2012, HSUS submitted an administrative appeal ("Appeal") to USDA, objecting to the agency's application of Exemption 4. The Appeal objected to USDA's redaction of materials for "specific procedural parameters," because Exemption 4 does not allow for any redactions based on these undefined terms.

14. The HSUS also noted in its appeal that it had no way of knowing which of the Exemption 4 redactions were unlawfully applied pursuant to this non-existent "specific procedural parameters" exemption, because USDA simply noted "b4" next to dozens of redactions.

15. The HSUS argued that the agency also unlawfully withheld an entire document. The HSUS has no way of knowing if this document was withheld based on the non-existent "specific procedural parameters" exemption. In

addition, USDA unlawfully failed to provide an explanation of how Exemption 4 applied to all of the contents of the particular document.

16. The HSUS also objected to USDA's redaction of all information related to Perdue's "Best Practices", concerning the care and slaughter of chickens, because such information is not confidential.

17. The HSUS explained that information related to Perdue's so-called "Best Practices" cannot lawfully be redacted pursuant to Exemption 4 because that information is not materially different from material already in the public domain.

18. HSUS also argued that even if some of the so-called Best Practices meet the confidential definition, USDA will not be able to establish that any substantial competitive harm could flow from the disclosure of those practices. This is so because the "Best Practices" do not materially differ from the National Chicken Council animal welfare guidelines, which are already followed by the vast majority of the U.S. chicken industry.

19. The Appeal also argued that the agency unlawfully withheld-without explanation-documents that Perdue is sharing with USDA employees using a computer program called Sharepoint.

20. These Sharepoint records are subject to FOIA, HSUS explained, because they are received by an agency of the United States Government every time they are accessed by USDA employees. Also, USDA relies on these records in carrying out mandatory audits of Perdue and the agency integrates them

into its files and relies on them in decision making regarding such audits. As such, they contain information which sheds light on the agency's performance of its statutory duties.

21. Similarly, HSUS argued that, although disclosed documents repeatedly mention a confidentiality agreement between Perdue and USDA, the agency neither produced it nor offered any explanation for why the agency is lawfully entitled to entirely withhold the document.

22. More than three months have elapsed since HSUS filed this administrative appeal, and the HSUS has yet to receive any decision on it.

### PLAINTIFF'S CLAIM FOR RELIEF

23. Plaintiff has a statutory right of access to the records requested under the FOIA, 5 U.S.C. 552(a)(3), and there is no lawful basis for Defendant's withholding of the requested records and portions thereof under Exemption 4.

24. Defendant has not responded to Plaintiff's administrative appeal, and more than 20 working days have elapsed since that appeal was filed.

Wherefore, Plaintiff requests that this honorable Court:

(1) Declare that Defendant's withholding of the requested information is unlawful;

(2) Order Defendant USDA to make the requested information available to Plaintiff within ten (10) working days;

(3)   Award Plaintiff its costs and reasonable attorneys' fees in this action;

(4)   Grant such other and further relief as the Court may deem just and proper.

August 24, 2012                                         Respectfully Submitted,


                                                        /s/ Ralph E. Henry
                                                        ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                        Ralph E. Henry (Bar No. 982586)
                                                        The Humane Society of the United States
                                                        2100 L Street, N.W.
                                                        Washington, DC 20037
                                                        Ph: (202) 676-2324
                                                        Fax: (202) 676-2357
                                                        rhenry@humanesociety.org

                                                        *Attorney for Plaintiff*